UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEB 19 2026 PM3:49
FILED - USDC - FLMD - TPA

UNITED STATES OF AMERICA

v.

JAY WILBURN

CASE NO. 8:26-cr-61-MSS-TGW

18 U.S.C. § 1951(a) and (b)
(Conspiracy and Hobbs Act Robbery)
18 U.S.C. § 924(c)
(Use of a Firearm During the
Commission of a Crime of Violence)
18 U.S.C. § 922(g)(1)
(Possession of a Firearm by a Convicted
Felon)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Commit Hobbs Act Robbery)

Beginning on an unknown date, but no later than in or about January 20, 2026, in the Middle District of Florida, and elsewhere, the defendant,

## JAY WILBURN,

did conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to knowingly, in any way or degree, obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining United States currency, marijuana, and personal property from the person and in the presence of another, located at a residence located in Patricia Ct, Tampa, Florida,

against his or her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his or her person and property.

In violation of 18 U.S.C. § 1951(a).

## COUNT TWO
### (Hobbs Act Robbery)

On or about January 20, 2026, in the Middle District of Florida and elsewhere, the defendant,

JAY WILBURN,

did knowingly in any way and degree, obstruct, delay, and affect commerce, and did attempt to do so, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining United States currency, marijuana, and personal property, located at a residence in Patricia Ct, Tampa, Florida, from the person and in the presence of another, against his or her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his or her person and property.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

## COUNT THREE
### (Use of a Firearm During the Commission of a Crime of Violence)

On or about January 20, 2026, in the Middle District of Florida, the defendant,

JAY WILBURN,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of

2

violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery, as alleged in Count Two above.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

## COUNT FOUR
### (Possession of Ammunition by a Convicted Felon)

Beginning on an unknown date, but no later than in or about January 20, 2026, and February 2, 2026, in the Middle District of Florida, the defendant,

JAY WILBURN,

knowing that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

Carjacking, on or about April 14, 1998, and

Use of a Firearm During a Crime of Violence, on or April 14, 1998,

did knowingly possess, in and affecting interstate commerce, ammunition, specifically, assorted rounds of ammunition, including Sig Sauer, W-W, and R-P caliber .380 ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## PREVIOUS CRIMINAL CONVICTION

1.     For the purposes of this section, the allegations contained in Counts One through Four are incorporated by reference.

2.     The defendant, JAY WILBURN, committed the offense in Count Three of this Indictment after being convicted of Use of a Firearm During a Crime of Violence, on or April 14, 1998, in the Middle District of Florida.

3

## FORFEITURE

1.      The allegations contained in Counts One through Four of this indictment are incorporated by reference for the purpose of alleging forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2.      Upon conviction of the violation of 18 U.S.C. § 1951, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms or ammunition involved or used in the offenses.

3.      Upon conviction of a violation of 18 U.S.C. §§ 922(g)(1) and/or 924(c), the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in a knowing violation.

4.      The property to be forfeited includes, but is not limited to, a Taurus .380 pistol, and assorted ammunition, which were involved or used in the offenses.

5.      If any of the property described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

4

e.    has been commingled with other property which cannot be subdivided without difficulty;

The United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

█████████████████

Foreperson

GREGORY W. KEHOE
United States Attorney

By:  _____
Diego F. Novaes
Assistant United States Attorney
Deputy Chief, Violent Crimes and Racketeering Section

By:  _____
James C. Preston
Assistant United States Attorney
Chief, Violent Crimes and Racketeering Section

5

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
#### Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### JAY WILBURN

### INDICTMENT

Violations: 18 U.S.C. § 1951(a) and (b), 18 U.S.C. § 924(c) and
18 U.S.C. § 1922(g)(1)

A true bill

Foreperson

Filed in open court this 19th day

of February 2026.

_____

Clerk

Bail $_____

GPO 863 525